(C. D. 360)

H. KEVORKIAN v. UNITED STATES

United States Customs Court, Third Division

(Decided June 20, 1940)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff. *Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States arising at the port of New York. The plaintiff seeks to recover duty assessed

by the collector at the rate of 20 per centum ad valorem under paragraph 1547 (a) of the Tariff Act of 1930 on 11 paintings which were imported with 4 manuscripts written in Arabic characters and purchased in Persia. The importation was invoiced as an article consisting of fifteen pieces valued at $5,000. The appraiser valued the paintings separately at $3,667 and noted the following advisory classification on the invoice: "Paintings 20%, 1547. Artistic antiquities believed to have been produced prior to 1830, F. O. O. 1811." The balance of the shipment, amounting to $1,333, was advisorily classified as manuscripts under paragraph 1714. The collector returned the manuscripts free of duty under paragraph 1714 but assessed duty on the paintings at 20 per centum ad valorem under paragraph 1547.

The claim relied upon by the plaintiff at the trial is that the paintings are parts of the manuscripts and that the collector should have returned them free of duty under paragraph 1714 with the manuscripts. There are alternative claims in the protest which specify that the merchandise is free of duty under paragraph 1807, 1809, or 1811, but these latter claims were not pressed at the trial. The tariff provisions involved in this case read as follows:

1547 (a). Works of art, including (1) paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same * * * all the foregoing, not specially provided for, 20 per centum ad valorem
1714. Manuscripts, not specially provided for. (Free list).

Only one witness testified in the case—Mr. Hagop Kevorkian, the importer. He stated that during a period of 40 years he has given special studies to antique works of art and that besides being a private collector he has been commissioned by museums, such as the Smithsonian Institute of Washington, the Metropolitan Museum of New York, and the Pittsburgh Morgan Libraries, to purchase antique works of art; that the importation in this case consisted of four manuscripts of the fifteenth century written in the Persian language or Arabic characters and were in bound volumes; that one of the manuscripts had paintings illustrating the text which were originally in the bound volume but the pages containing the illustrations were taken out and the manuscript was bound again and the pages containing the paintings were packed separately; that the illustrations constitute an entirety with the manuscript; that the paper on which the illustrations are drawn is of the same character and size as the paper of the manuscript; that the painting covers only a part of the face of each sheet, the balance of each page being occupied by text which appears around each illustration; that the text explains the illustration and is a continuation of the text in the manuscript proper; that such manuscripts are put in libraries and "the usual custom by libraries and museums is that they take away the leaves that contain such illustrations, and pictures, but yet they make reference to which

page is taken away." That he could not have sold the manuscript without the eleven paintings "because they are part and parcel of one thing."

The witness produced a sample illustrating the character of the paintings in the importation and it was admitted in evidence and marked "Illustrative Exhibit A." It contains a painting covering a portion of the sheet, the balance being covered by Arabic characters both above and below the picture.

Counsel for defendant cites in his brief the case of *D. Appleton & Co.* v. *United States*, 62 Treas. Dec. 554, T. D. 46006, in support of the collector's classification. In that case the importation consisted of a manuscript, some drawings, and some photographs, the entirety invoiced at a total value of $10,010, including the packing. The appraiser segregated the merchandise into two parts for the purpose of appraisement. He appraised the written portion together with the drawings at $500 and the photographs at $60. The written portion together with the drawings were classified as manuscripts and returned free of duty under paragraph 1614 of the Tariff Act of 1922 and the photographs were classified under paragraph 1310 and assessed with duty at 25 per centum ad valorem. The plaintiff claimed that the photographs were a part of the manuscript and should have been returned free of duty under paragraph 1614 but the claim was overruled. The combination, consisting of the writings and the drawings, was held to be properly classified under the provision for manuscripts. The court said:

In the case at bar the drawings were considered as writings of the author and were treated by the appraiser and the collector as part of the manuscript, the official papers showing that no duty was assessed thereon. The claim in the protests with respect to the drawings is therefore without merit. We find nothing in the definitions hereinbefore quoted which would indicate that the word "manuscript" includes photographs as well as "writings", and therefore the plaintiffs' contention that the photographs are entitled to free entry under paragraph 1614 can not be sustained. * * *

The pages containing the paintings in this case are comparable with the drawings in the case cited. They are dissimilar to the photographs because photographs are produced by a scientific process while the paintings were produced by hand. An examination of Illustrative Exhibit A shows that a part of the text of the manuscript is written thereon both above and below the picture and the painting appears to be comparable with a picture illustrating the text in a book. The witness testified that the painting and the text is "a part and parcel of the one thing." The text in Illustrative Exhibit A covers considerably more space than the painting.

The case of *D. Z. Noorian* v. *United States*, 9 Treas. Dec. 539, T. D. 26211 covered a limestone slab carved about 800 B. C. with an in-

scription in the Assyrian language, covering about 50 per centum of the surface, and there also appeared on the same surface a human figure in relief. The court held that the imported article was a manuscript and that it as free of duty under the provisions of paragraph 609 of the Tariff Act of 1897.

Webster's New International Dictionary defines "manuscript" as

1. A composition written with the hand, as an ancient book, document, etc., so written before the adoption of printing, or an unprinted modern book, piece of music, etc.; especially an author's copy of his work in handwriting or typewriting, from which the printed copies are made; a writing of any kind as distinguished from a printed copy.

2. a. Writing, as opposed to print; as, the book is in manuscript. b. Handwriting; hand.

The distinguishing features of a manuscript are that it is written by hand or by typewriting as distinguished from a work produced on the printing press. There is nothing in the definition which would deprive an article of classification as a manuscript if it contained also a picture made by hand. The description and uses of manuscripts are defined in the Summary of Tariff Information of 1929, page 2437, as follows:

A manuscript is an author's copy of his work in handwriting or typewriting from which the printed copies are made.

The case of *United States* v. *Tice & Lynch, Inc.*, 18 C. C. P. A. 155, T. D. 44363, cited by defendant, covered a bound volume containing autographed letters of former Presidents of the United States together with printed excerpts cut from a book containing biographical sketches and five miniatures of former Presidents on ivory inlaid in the back cover of the binding of the book. In that case the miniatures were attached to the binding and became a part of the volume but they did not contain any writing or any part of the text as in this case. The miniatures were not classified separately from the balance of the book but the complete volume was assessed as a book. The court held that the complete work was something more than a manuscript.

While the sheets upon which the collector assessed duty in the instant case do contain paintings, the pictures are not separate from the manuscript for they are on the same pages as the writings. We are of opinion that they are a part of the manuscript just the same as the drawings in the case of *D. Appleton & Co.* v. *United States, supra*, were a part of the manuscript in that case. In Illustrative Exhibit A the composition, including the paintings, has the appearance of being the "author's copy of his work," which is within one of the definitions of the word "manuscript" above copied.

We hold the merchandise in this case to be free of duty under the provision for "manuscripts" in paragraph 1714 of the Tariff Act of 1930. Judgment will be entered in favor of the plaintiff.